ROBERTO MUÑOZ MCCORMICK, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN JUAN (SECOND SECTION), Respondent.

No. 818.    Argued November 26, 1930.—Decided January 15, 1931.

R. H. *Blondet* and E. *Díaz Santana* for appellant.

MR. JUSTICE TEXIDOR delivered the opinion of the Court.

A deed executed on February 28, 1930, by Carlos J. Torres, as testamentary executor of Harry A. McCormick, and Eduardo Otto McCormick, José Muñoz McCormick, Roberto Muñoz McCormick and others, regarding delivery of hereditary shares, was presented for record in the Registry of Property of San Juan, but the registrar refused to record it and entered the following decision:

"Record of the foregoing instrument, which is a copy of deed No. 16, executed in San Juan on February 28, 1930 before notary José Martínez Dávila, is denied: First, because by virtue of the will exhibited the record could be made of the hereditary right of one or several of the heirs as owners in indivision of one or more properties, but not of a definite share in each property, as that could only be done upon a showing of the partition of the entire estate of the ancestor, in the manner provided by law. (Sections 1024 and 1028 of the Revised Civil Code.) The jurisprudence so deciding has been uniform. It will suffice to cite the case of Estate of Dávila v. Registrar of Property, 15 P.R.R. 652; also section 71 of the Mortgage Law Regulations, quoted and discussed by Morell (vol. 2, p. 426), who writes as follows:

" 'If it is sought to record an allotment (*adjudicación*), it will be necessary to present the deed of partition executed in accordance with the law, where there are several heirs, or where, in the case of a sole heir, a person has been designated to execute it; or a public deed which has been executed with the consent of all the parties in interest, if only a part of the estate is distributed and such parties had full ownership thereof.'

"Second, because, the testator having acquired for a valuable consideration the property sought to be recorded while married to Dolores Alcaide Báiz, there must be a previous liquidation of the conjugal partnership with the intervention of ALL the heirs (Decision

of July 4, 1911), who must sign the proper instrument (Decision of November 12, 1895, and others), Morell, vol. 2, pp. 457–459; and also showing could be made as to the separate property of the testator and the distributable property remaining after deducting the charges against the estate, which could not, otherwise, be ascertained. Third, because from the compromise on hereditary rights made between the testamentary executors and the acknowledged natural children of the testator, Sabina, Guadalupe, and Francisco Anaya, in civil case No. 6655, it does not appear that ALL the testamentary heirs, who are of age, have given their consent to such settlement for ninety thousand dollars or that the same was approved by the proper district court in respect to the minors entitled to the inheritance and who can not be represented by their parents, because their interest and that of the latter are conflicting; which consent is the more necessary since such forced heirs, if so declared by a proper judicial declaration or by final judgment, would be prejudiced, as they would be entitled to two-thirds of the distributable estate, admitting as valid the legacies, amounting to $97,000, and the institution of testamentary heirs (*herederos voluntarios*) which, within the disposable third, could be made by the testator (sections 796 and 802. of the Civil Code). Fourth, because where testamentary executors are concerned, the estate must first be recorded in the name of the heirs (Decision of January 26, 1889, and decision cited therein). Fifth, because no payment of debts is involved, and even if such were the case, it would be necessary to prove their certainty, as otherwise the deed executed by the testamentary executor could not be recorded either (Decision of May 10, 1880). Sixth, because the births of the testamentary heirs Adela, Edith, and William Wilford Watson McCormick and of Catalina and Muriel Kiernan McCormick, have not been shown by the proper birth certificates from the civil registry, which certificates are necessary, because in the heirship proceedings such persons were not designated by name but as 'the children of his legitimate brothers living at the time of the testator's death', which fact must be duly established (Decision of June 27, 1890, and others cited by Morell, vol. 2, p. 487). Seventh, because in case No. 11235 regarding delivery of the hereditary share, which is the subject-matter of the present decision, there appeared as parties-plaintiff twenty of the testamentary heirs but not the remaining three (Arturo Muñoz McCormick, María McCormick de Serrano, and Jorge McCormick Dalmau) who could be made defendants under section 66 of the Code of Civil Procedure, if they refused to join in the suit against the testamentary executors. Eighth,

because the testamentary heir, Jorge McCormick, having died, it was necessary to record first, in the name of the decedent, the interest of his son (Galindo & Escosura, vol. 1, p. 423). A cautionary notice has been entered for 120 days in favor of Edith McCormick and of Carlos-Eduardo, Roberto, José-Leopoldo, Fernando, and Iraida Muñoz McCormick and of Ricardo H. Blondet, at folio 88, vol. 56 of Río Piedras, property No. 687 septupled, inscription A, with the curable defects of a failure to describe the said property as provided in section 9 of the Mortgage Law, and failure to transcribe or exhibit any judicial document showing the right of the acknowledged natural children to the inheritance of Mr. McCormick.''

Roberto Muñoz McCormick has appealed from that decision.

In opposing the first ground of the refusal, the appellant maintains that there is a partition from the moment a competent court awards to an interested party his aliquot portion, and cites us to several decisions.

The cases of *Capó* v. *Fernández*, 27 P.R.R. 656, and *Succession of Jesús et al.* v. *Pérez et al.*, 28 P.R.R. 297, are not in point. There determination was made of the right of an heir to claim any interest to which he may be entitled under the law in any or all the properties constituting the estate, without the necessity of a previous partition, his title as heir being sufficient; but it was also said that where the heir sues for a specific property, or a separate portion of the estate, it is not sufficient for him to allege merely his title by inheritance, but he must also allege a partition of the estate (See syllabus in *Capó* v. *Fernández, supra*).

The question is simple. By virtue of the succession, in consequence of the death of the testator and the will left by him, or by operation of law, in case of intestacy, there arise the right of the heirs to the estate as a whole and their subrogation in the personality of the testator as regards his rights and obligations. But where such heirs claim for themselves some specific property or portion of the estate, then a partition becomes necessary. Really this is nothing more than the application to the inheritance of the provisions

of sections 664 *a,* 669 and 1035 of the Civil Code, which read as follows:

"Sec. 664 *a.*—Succession is a transmission of the rights and obligations of a deceased person to his heirs.

"Sec. 669.—Heirs succeed the deceased in all his rights and obligations by the mere fact of his death.

"Sec. 1035.—A division legally made confers upon each heir the exclusive ownership of the property which may have been awarded to him."

In the instant case, only an allotment (*adjudicación*) made pursuant to a partition of the estate could confer title on each of the interested parties in regard to the shares which are sought to be recorded. Any heir who participates or acquiesces in a division of the estate thereby impliedly relinquishes all claim to any property which may be allotted to the other heirs. This mutual waiver gives rise to the specific determination of titles.

But has a partition been made here? Really this is a point on which no great stress has been laid by either the appellant or the appellee.

One of the documents exhibited by the applicants to obtain the record in question, is a certificate from the clerk of the District Court of San Juan containing the opinion of that court in suit No. 11235, regarding recovery of inheritance, brought by Adela McCormick de Watson and others against the testamentary executors of Henry McCormick Hartman. Certainly in that suit, as pointed out by the registrar in his decision, some of the heirs or interested parties did not appear.

According to the said decision, those who did not join in the action were María McCormick de Serrano, Arturo Muñoz McCormick, and Jorge McCormick Dalmau. But we gather from all the papers (the complaint, the opinion of the district court, and the deed sought to be recorded) that Jorge McCormick Dalmau appears to have died and was represented in his rights by his parents Eduardo Otto Mc-

Cormick and Hortensia Dalmau; and as to Arturo Muñoz McCormick, it appears from the thirteenth clause of the will of Harry McCormick that he had been excluded from this succession. As regards María McCormick de Serrano, it appears from the will that she has been instituted as an heir, although her share is to consist of a usufruct. This lady did not appear in the said suit either as plaintiff or defendant and, in our judgment, she was a necessary party to the suit as well as to the partition.

It appears from the documents presented, that twenty among heirs and legatees demanded their shares and filed their complaint for that purpose, which was answered by the testamentary executors, and then, in the course of the suit, the parties on both sides reached a settlement, the plaintiffs filing a motion in which they stated their respective shares and the manner and the kind of property in which the same were to be paid, and asked for a judgment so providing. That motion was signed by counsel for the defendants. We understand that this was the basis for the opinion of the district court which appears among the documents exhibited. In that opinion, several properties were allotted in the manner sought in the motion already referred to. But although it is stated therein that the clerk shall enter judgment accordingly, we fail to find any certification of the judgment, and the said opinion by itself would not be sufficient to establish the fact that a judgment was rendered and that it is final (*firme*). '

Apart from the fact of the non-appearance of María McCormick de Serrano and that commissioners (*contadores partidores*) have been appointed in the will to make partition in case the heirs acting together failed to effect it, we do not see that the document submitted (opinion of the district court) is sufficient to warrant the award, which was not preceded by an inventory and contains no liquidation establishing the net assets after deducting the separate property, partnership property, and charges against the estate. There-

fore, the decision of the registrar was correct as regards the first and second grounds.

In the third ground of his decision the registrar refers to a compromise between the testamentary executors and the natural children of the testator. We must state that this is a point on which no specific information appears. Mention is made of such natural children and of the compromise, but we have no explicit documentary showing in that respect. It is evident that in the event of a compromise with any alleged heirs, such compromise to be effective must have the assent of all the parties interested in the estate, and not of the testamentary heirs alone. On this point the registrar is right.

As regards the fourth and fifth grounds of the decision, no previous record in favor of the heirs would be required in the case of an award lawfully made; and there is nothing to justify the conclusion of the registrar on the assumption that an award for the payment of debts were involved. As to these points, the said decision must be reversed.

The failure to produce the birth certificates of the testamentary heirs, Adela, Edith, and William Wilford Watson McCormick, is also a defect, although not an incurable one; and the same applies to the absence of a previous record of the hereditary right of Jorge McCormick Dalmau.

The decision appealed from is affirmed as to the first, second, third and seventh grounds thereof. The defects set forth in the sixth and eighth grounds are declared to be curable. The decision is reversed as to all other particulars.